UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY SANTIAGO,

                Plaintiff,

– against –

ROSEHILL MANAGEMENT &
MAINTENANCE LLC, CLAIRE VASILE,
and NAYDA ALEJANDRO,

                Defendants.

**ORDER**

19 Civ. 10552 (ER)

RAMOS, D.J.:

    Johnny Santiago brought this action on July 24, 2019 against Rosehill Management & Maintenance LLC, Claire Vasile, and Nayda Alejandro (collectively, "Defendants"), under the Fair Labor Standards Act ("FLSA") for overtime compensation. Doc. 1. Pending before the Court is the parties' request for approval of their Settlement Agreement ("Agreement"). Doc. 24.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Currently, the Agreement is not fair and reasonable for two reasons.

    *First*, Plaintiff is barred from working for, or applying to work for, the Defendants. Section 8 of the Agreement states that

> Plaintiff understands and agrees that he will not seek, apply for, continue, or maintain employment at any time in the future with Rosehill or with any of its parents, subsidiaries or affiliates in any capacity, including by contract or on a temporary basis. Plaintiff agrees that if he does seek, apply, seek to continue or

maintain such employment or temporary or contract work, this provision will constitute lawful and sufficient grounds for denying or denying continuation of employment or services.

Doc. 24-1, Section 8. Provisions like Section 8 that require waiver of future employment are considered "'highly restrictive'" and "in 'strong tension with the remedial purposes of the FLSA.'" *Cruz v. Relay Delivery, Inc.*, Nos. 17 Civ. 7475 & 18 Civ. 3052 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (quoting *Baikin v. Leader Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017)). Moreover, the parties do not offer any explanation for, or provide any authority justifying, the inclusion of this ban on future employment. *Cruz*, 2018 WL 4203720, at *1 (citation omitted). For these reasons, this Court will not approve the Agreement while it includes this provision barring future employment.

*Second*, Plaintiff's counsel have failed to provide the documentation necessary to evaluate the reasonableness of their request for attorney's fees. Under the Agreement, Plaintiff's attorneys propose retaining $11,464, which is one third of the settlement amount exclusive of costs.[1] Doc. 24, 3. They reason that this amount is consistent with the fees awarded in this District, and their fees as described in their engagement letter with Plaintiff. Docs. 24, 3; 24-2, 2. Although Plaintiff's attorneys are correct that "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases[,]" it is nonetheless true that "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs." *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (citation omitted).

omitted).  To arrive at a lodestar amount and perform a reasonableness evaluation, the Court requires the billing records of Plaintiff's attorneys.  *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.  That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney.") (citations omitted).  In addition, "[e]ven where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees." *Mobley v. Five Gems Mgmt. Corp.*, No. 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citation omitted).

It also bears noting that the requested attorneys fees may be too high.  Here, Plaintiff represents that a junior attorney with approximately two years of experience, Nicola Ciliotta, billed 9.3 hours at a rate of $275 per hour, and senior associate Nicole Grunfeld, with approximately 12 years of relevant experience, billed 1.4 hours at a rate of $375, yielding a lodestar of $3,082.50.  Doc. 24, 4.  Though these rates are considered reasonable for qualified attorneys in this District, they yield a lodestar of $3,082.50, which means that the requested attorneys fees are approximately 3.71 times higher than the lodestar.  *Fujiwara v. Sushi Yasuda*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (finding $250-450 per hour appropriate for experienced litigators and rejecting a hypothetical 3.8 multiplier) (citation omitted).  Under the requested award, it is as though the attorneys billed at rate of approximately $1,071 per hour, which appears "outsized[.]" *Id.* ("In this case, the lodestar cross check readily demonstrates why counsel's original request . . . would be an oversized award. This would result in an effective hourly rate of over $1,200

for every attorney and paralegal who worked on this case—a rate commanded by very few attorneys in this city, and deserved by even fewer.").

Moreover, the sole authority cited by Plaintiff's attorneys in support of a multiplier as high as 3.71 involved class action litigation, which this is not. *See, e.g.*, *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (DCF), 2013 WL 1209563, at *9 (S.D.N.Y. Mar. 21, 2013) (approving a multiplier of 3.8 and collecting cases of multipliers of up to 8 in other class action cases).

Plaintiff's counsel further argue that they should be awarded the requested amount because they are often paid less than the lodestar. Doc. 24, 4-5. But, the case they rely on for this proposition involved a significantly lower multiplier. *See Chamoro v. 293 3rd Café Inc.,* No. 16 Civ. 339 (PAE), 2016 WL 5719799, at *5 (S.D.N.Y. Sept. 30, 2016) (approving a 1.38 multiplier). And "[c]ourts in this District have concluded that 'a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.'" *Lazo*, 2019 WL 95638, at *3 (citing *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015)). This is especially true where, as here, the case was resolved within a year of the complaint being filed and there was no motion practice. *Fujiwara*, 58 F. Supp. 3d at 435, 439 (noting a multiplier of 2 was sufficient where the case settled within a year and there was no motion to dismiss).

Accordingly, the parties' request for approval of the Agreement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File a revised letter to the Court including billing documentation supporting the requested attorney's fees and addressing the concerns expressed in this Order, and a revised settlement agreement that does not include a future employment ban, on or before **May 27, 2020**; or

2. File a joint letter on or before **May 27, 2020** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

It is SO ORDERED.

Dated:  May 13, 2020
        New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.