UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY SANTIAGO,

                    Plaintiff,

          – against –

ROSEHILL MANAGEMENT &
MAINTENANCE LLC, CLAIRE VASILE,
and NAYDA ALEJANDRO,

                    Defendants.

**ORDER**

19 Civ. 10552 (ER)

RAMOS, D.J.:

On May 11, 2020, the parties submitted their first application to the Court for settlement approval.[1]  Doc. 24.  The Court declined to approve that application without prejudice on May 13, 2020 because:  (1) the agreement improperly prohibited Santiago's future employment by Defendants, and (2) the parties had failed to submit documentation supporting the attorney's fees calculations from which the Court could assess their reasonableness.  Doc. 25.  In response to the Court's order, the parties submitted an amended motion attaching billing records and a revised settlement agreement.  Doc. 26.

In the revised settlement agreement, the parties removed the provision banning future employment.  Doc. 26 at 1.  *Baikin v. Leader Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (finding such waivers "highly restrictive" and in "strong tension with the remedial purposes of the FLSA.") (citation omitted).

The parties also submitted Plaintiff's counsel's billing records and made further argument in support of counsel's request for $11,464 in attorney's fees, one-third of the settlement amount,

---

[1] The Court assumes familiarity with the record and its prior Order, which details the facts and procedural history of this case.  *See* Doc. 25.

exclusive of $608 in costs.  Docs. 24 at 3; 26 at 2-3; 26-2.  In their original submission, counsel asserted that the junior associate Nicola Ciliotta billed 9.3 hours at a rate of $275 per hour and the senior associate Nicole Grunfeld billed 1.4 hours at a rate of $375, yielding a lodestar of $3,082.50 and a multiplier of 3.71.  Docs. 24 at 4; 25 at 3.  However, according to counsel's latest submission, those calculations relied on an inaccurate account of counsel's hours:  Ciliotta actually billed 13 hours and Grunfeld billed 2.3 hours.  Docs. 26 at 2; 26-2 at 2.  The lodestar is thus $4,437.50 and the multiplier is just 2.58.  Doc. 26 at 2.  A multiplier near 2 is reasonable. *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") (citing, *inter alia, Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014)).

Counsel further contend that their request for attorney's fees is reasonable given that they secured a $35,000 settlement for Plaintiff, whose estimated unpaid wages totaled $40,000.  Doc. 26 at 2; *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) ("Settling for even thirty percent of the total potential recovery is significant enough in this case to weigh in favor of approval—particularly in light of the early procedural posture of the case and the value to Plaintiff of receiving such a large lump sum without the risk and delay inherent in litigation.").  Counsel add that FLSA's remedial goals are served by adequately compensating attorneys who frequently receive less than their lodestar amounts following settlement.  Doc. 26 at 2-3; *see, e.g., Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at * (S.D.N.Y. 2016) (awarding only 36% of what attorneys actually billed).  Following review of the billing records and circumstances of this case, the Court agrees that the requested attorney's fees are reasonable.

Accordingly, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement.  The Court hereby dismisses the case with prejudice.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 26, and to terminate the case.

It is SO ORDERED.


Dated:   May 29, 2020
         New York, New York

_____

         EDGARDO RAMOS, U.S.D.J.

3